**25SL-CC03816**

STATE OF MISSOURI     )
                         )
COUNTY OF ST. LOUIS   )

**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| MARILYN MARGULIS, | |
|      Plaintiff, | Cause No. |
| v. | Division |
| RESORT CANCELLATION SERVICES, LLC,<br>    Desmond Newman, Registered Agent &<br>      Manager<br>    3751 Maguire Blvd, Ste 111<br>    Orlando, FL 32803-3011<br>    Orange County | PROCESS SERVER |
| DESMOND ANTHONY NEWMAN,<br>    568 Westyn Bay Blvd<br>    Ocoee, FL 34761<br>    Orange County | PROCESS SERVER |
| and<br>JOHN DOES 1-10,<br>                     Defendants. | HOLD SERVICE |

**PETITION FOR BREACH OF**
**FEDERAL TELEPHONE CONSUMER PROTECTION ACT**
**BREACH OF MISSOURI MERCHANDISING PRACTICES ACT Chapter 407 and**
**CIVIL CONSPIRACY**

**PARTIES**
**PLAINTIFF**

1.    Plaintiff Marilyn Margulis is a resident of St. Louis County, Missouri.

2.    At all times relevant, Plaintiff Marilyn Margulis or her representative (hereinafter "Plaintiff") had residential telephone service at (636) 536-6678.

3.    Plaintiff telephone number (636) 536-6678 is and was at all relevant times on the Missouri Do Not Call List.

4.    Plaintiff telephone number (636) 536-6678 is and was at all relevant times on the National Do Not Call List.

## **DEFENDANTS**
## **RESORT CANCELLATION SERVICES, LLC**

5.      Defendant, Resort Cancellation Services, LLC, is a Florida corporation located at 3751 Maguire Blvd, Suite 111, Orlando FL 32803.

6.      Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., is the Registered Agent and Manager of the Defendant corporation Resort Cancellation Services, LLC.

7.      Defendant, Resort Cancellation Services, LLC, transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

8.      Defendant, Resort Cancellation Services, LLC, has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

9.      Resort Cancellation Services, LLC, Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., and John Does 1-10 are hereinafter "the Resort Cancellation Defendants".

10.     At all times relevant herein, Defendant Resort Cancellation Services, LLC acted by and through its owners, members, employees, servants, and agents who were acting within the course and scope of their authority with Defendant Resort Cancellation Services, LLC

### **DESMOND ANTHONY NEWMAN a/k/a DESMOND ANTHONY NEWMAN, JR.**

11.     Defendant, Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., is an individual located at 568 Westyn Bay Blvd, Ocoee, FL 34761.

12.     Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., is a resident of Florida to be found at 568 Westyn Bay Blvd, Ocoee, FL 34761 who is the Manager of the Defendant corporation, Resort Cancellation Services, LLC.

13.     Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., transacts any business in Missouri as contemplated by RSMo. §506.500(1) and this cause of action arises out of such transaction(s).

14.     Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., is the principal owner of Resort Cancellation Services, LLC.

15.     Upon information and belief, Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. knew of and participated in the solicitation calls made by or on behalf of Resort Cancellation Services, LLC or by failure to act, allowed the making of phone calls into the state of Missouri by or on behalf of Resort Cancellation Services, LLC.

16.     Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., has committed one or more tortious acts in Missouri as contemplated by RSMo. §506.500(3) and this cause of action arises out of such act(s).

17.     Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., exercised direction and/or control over Defendant Resort Cancellation Services, LLC, both generally and specifically with regard to the making of phone solicitations.

18.     Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. is one of the individuals with ultimate authority for, and/or who is responsible for the making of phone solicitations by Resort Cancellation Services, LLC

19.     Resort Cancellation Services, LLC, Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., and John Does 1-10 are hereinafter "the Resort Cancellation Defendants".

20.     Defendants directly and/or indirectly direct and/or exercises control over the agent(s) who initiate calls on behalf of Defendants.

### JOHN DOES 1-10

21.     Defendant, John Does 1-10 will be identified through discovery, but are not presently known.

### ACTS OF AGENTS

22.     Whenever it is alleged in this Petition that Defendants did any act, it is meant that the Defendants performed, caused to be performed, and/or participated in the act and/or that Defendants' officers, employees, contractors, assigns, successors, predecessors, affiliates, or other agent performed or participated in the act on behalf of, for the benefit of, and/or under the authority of Defendants.

### COUNT ONE

COMES NOW Plaintiff, Marilyn Margulis, and for her cause of action against Defendants states as follows:

### THE TELEPHONE CONSUMER PROTECTION ACT

23.     47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the promulgated thereunder regulations provides in pertinent part 64.12000(c)(2) et seg which states: (c) No person or entity shall initiate any telephone solicitation to: ...(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.  Such do-not-call registrations must be honored indefinitely, ....".

24.     47 C.F.R § 64.1601(e)(1-2) requires a caller to transmit proper caller identification.
    (e) Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(10) must transmit caller identification information.
    (1) For purposes of this paragraph, caller identification information must include either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer. It shall not be a violation of this paragraph to substitute (for the

name and phone number used in, or billed for, making the call) the name of the seller on behalf of which the telemarketing call is placed and the seller's customer service telephone number. The telephone number so provided must permit any individual to make a do-not-call request during regular business hours.

(2) Any person or entity that engages in telemarketing is prohibited from blocking the transmission of caller identification information.

25.    47 C.F.R. 64.1200(b)(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

26.    Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for the calls to Plaintiff's residential telephone line.

27.    Defendants failed to provide proper identification information and did not fulfill the requirements of 47 C.F.R § 64.1200(b)(1) and 64.1200(b)(2) for the calls to Plaintiff's residential telephone line.

28.    Under the TCPA, as interpreted by the Federal Communications Commission ("FCC"), a company on who's behalf a telephone solicitation is made bears ultimate responsibility for any violations of the TCPA. *In re DISH Network, LLC,* 28 F.C.C. Rcd. 6574, 6590 (2013)

29.    Calls placed by a third party on behalf of that company are treated as if the company itself placed the call. *Id.*

30.    The phone calls at issue in this case were made by and/or for the benefit of Defendant. Because these calls were made by or "on behalf" of Defendant, Defendant bears the responsibility for any violations of the TCPA, even if Defendant did not directly place the calls. Defendant is also responsible for illegal actions of its agents and is also responsible for any illegal actions conducted in the course of any joint venture with any third party.

**THE MISSOURI NO-CALL LAW**

31.    Mo. Rev. Stat. § 407.1098.1, Telephone Solicitation of Member on Do Not Call List Prohibited, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

32.    A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

33.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

34.     Defendants call to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return.  Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

35.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

36.     Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendant was occupying the Plaintiff's telephone for Defendants' unlawful purpose.

37.     Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

### THE MISSOURI TELEMARKETING LAW

38.      Mo. Rev. Stat. § 407.1076, Unlawful Telemarketing Acts or Practices, provides in pertinent part:

> It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:
>
> (3) Cause the telephone to ring or engage any consumer in telephone conversation repeatedly or continuously in a manner a reasonable consumer would deem to be annoying, abusive or harassing;
>
> (4) Knowingly and willfully initiate a telemarketing call to a consumer, or transfer or make available to others for telemarketing purposes a consumer's telephone number when that consumer has stated previously that he or she does not wish to receive solicitation calls by or on behalf of the seller unless such request has been rescinded.

39.     MO Rev. 407.1104, Caller Identification Service, Telephone Solicitor not to be Interfered with, provides in pertinent part:

> 1. Any person or entity who makes a telephone solicitation to any residential subscriber in this state shall, at the beginning of such solicitation, state clearly the identity of the person or entity initiating the solicitation.
>
> 2. No person or entity who makes a telephone solicitation to a residential subscriber in this state shall knowingly use any method to block or otherwise circumvent any subscriber's use of a caller identification service

## **PRELIMINARY STATEMENT**

40.     This case challenges Defendants' policy and practice of being responsible for the placing of live telemarketing calls to residential telephones for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.

41.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits live telemarketing calls to subscriber on the National Do Not Call List.  The TCPA was enacted to protect privacy rights.  The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

42.     The TCPA was enacted to protect privacy rights and is designed to rein in the proliferation of telemarketing calls.  Other than a call for emergency purposes or calls made with the prior consent of the called party, companies like Defendants may not make calls to residential subscribers on the National Do Not Call List.

43.     Upon information and belief, Defendants developed a promotional scheme utilizing live telemarketing calls sent to residential telephone subscribers like Plaintiff.  The purpose of this scheme was to encourage the purchase or rental of, or investment in, property, goods, or services of Defendants.

44.     On information and belief, Defendants knew or should have known that the calls were being placed to residential telephone subscribers like Plaintiff on the National Do Not Call List.

45. On information and belief, Defendants knew or should have known that the calls were being placed to residential telephone subscribers like Plaintiff on the Missouri Do Not Call List.

46.     The TCPA is a skeleton of a system designed to rein in the proliferation of telemarketing calls.  Much of the detail was left to the FCC.  Congress's delegation was both explicit and implicit.  In § 227(c), Congress explicitly set forth the FCC's role by giving the FCC the power to "initiate rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object."

47.     Further, 47 U.S.C. § 227(b)(3) provides a private right of action to Plaintiff for Defendants' violation.  Said section provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A)   An action based on a violation of this subsection **or** the regulations prescribed under this subsection to enjoin such violation, (*emphasis added*)
>
> (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

       (C)     Both such actions.

If the court finds that the Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under sub-paragraph (B) of this paragraph.

48.    On information and belief, the Resort Cancellation Defendants initiated at least 15 (fifteen) live telephone calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to Plaintiff's residential telephone line at (636) 536-6678 on or about the dates of August 1, 2022 thru present. (See attached Exhibit A for partial listing.)

49.    Placing each of the calls was a violation of 47 U.S.C. §227 the Telephone Consumer Protection Act (TCPA) and the regulations promulgated thereunder 64.12000(c)(2).

50.    Placing each of the calls violated MO Rev. 407.1098.

51.    The agent on these calls was not properly trained in the disclosure, record keeping and other requirements of the TCPA and was not sufficiently trained in Defendant's policies and procedures to comply with the TCPA resulting in a violation of 47 C.F.R. 64 1200(d)(2).

52.    Upon information and belief, Defendants did not state their true identity at the beginning of some the calls resulting in violations of MO Rev. 407.1104(1).

53.    Defendant's acts in initiating this telephone solicitation were willful and/or knowing as those terms are used in 47 U.S.C. 227(c)(5)(c).

54.    See Exhibit A for the CallerID numbers transmitted for a partial list of the calls.

55.    Upon information and belief, some of the CallerID numbers were not a number assigned to Defendants or their agent(s) and many were disconnected telephone numbers. Upon information and belief, Defendants intended to hide the true Caller ID of the calling number.

56.    Placing some of the calls violated MO Rev. 407.1104.

57.    The Defendant or someone acting on his behalf for some of the calls, knowingly used a method to block or otherwise circumvent any subscribers use of a caller identification service in violation of Missouri Revised Statutes Section 407-1104(2).

58.    Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

59.    Upon information and belief, Defendants failed to transmit proper caller identification information and did not fulfill the requirements of 47 C.F.R § 64.1601(e) for some of the calls to Plaintiff's residential telephone line.

60. On information and belief, Plaintiff has received over 15 (fifteen) telephone calls from Defendant solicitating the business of Defendant within a 12-month period.

61. Plaintiff or her representative requested in writing, a copy of the current Do Not Call Policy of Defendant Resort Cancellation Services, LLC on August 7, 2023 and provided Plaintiff's name and address.

62. A copy of the current Written Do Not Call Policy as required under the TCPA has not been sent to Plaintiff resulting in a violation of 47 C.F.R. 64.1200(d)(1).

## ADDITIONAL CALLS

63. On information and belief, discovery will show that multiple additional calls were made to the Plaintiff's residential telephone numbers by the Defendants for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services from July 9, 2022 to the present and that the Defendants hid the true telephone numbers they were calling from by falsifying the Caller ID on each call.

64. The calls placed to Plaintiff's telephone number violated Missouri Revised Statue 407.1104(1) in that Defendants failed at the beginning of the solicitation to clearly state the identity of the person or entity initiating the solicitation.

65. Upon information and belief, Defendant Resort Cancellation Services, LLC knew of the provisions of the Telephone Consumer Protection Act 47 U.S.C. 227 and rules and regulations enacted by the FCC prior to the time that any telemarketing calls were made to Plaintiff.

66. Upon information and belief, Defendant Resort Cancellation Services, LLC knew they were violating the provisions of the Telephone Consumer Protection Act 47 U.S.C. 227 and rules and regulations enacted by the FCC at the time that any telemarketing calls were made to Plaintiff.

67. Upon information and belief, Defendant Resort Cancellation Services, LLC intentionally violated the provisions of the Federal Telephone Consumers Protection Act and did so with the knowledge that Plaintiff would be injured and further did said acts in making the calls to Plaintiff with malicious intent to injure Plaintiff by committing the intentional torts of invading Plaintiff's rights to privacy and seclusion.

68. Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. knew of the provisions of the Telephone Consumer Protection Act 47 U.S.C. 227 and rules and regulations enacted by the FCC prior to the time that any telemarketing calls were made to Plaintiff.

69. Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. knew they were violating the provisions of the Telephone Consumer Protection Act 47 U.S.C. 227 and rules and regulations enacted by the FCC at the time that any telemarketing calls were made to Plaintiff.

70. Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. intentionally violated the provisions of the Federal Telephone Consumers Protection Act and did so with the knowledge that Plaintiff would be injured and further did said acts in making the calls to Plaintiff with malicious intent to injure Plaintiff by committing the intentional torts of invading Plaintiff's rights to privacy and seclusion.

71. Upon information and belief, Defendant Resort Cancellation Services, LLC knew of the provisions of the Missouri telemarketing statutes and regulations prior to the time that any telemarketing calls were made to Plaintiff.

72. Upon information and belief, Defendant Resort Cancellation Services, LLC knew they were violating the provisions of the Missouri telemarketing statutes and regulations at the time that any telemarketing calls were made to Plaintiff.

73. Upon information and belief, Defendant Resort Cancellation Services, LLC intentionally violated the provisions of the Missouri Chapter 407 consumer protection provisions and did so with the knowledge that Plaintiff would be injured and further did said acts in making the calls to Plaintiff with malicious intent to injure Plaintiff by committing the intentional torts of invading Plaintiff's rights to privacy and seclusion.

74. Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. knew of the provisions of the Missouri telemarketing statutes and regulations prior to the time that any telemarketing calls were made to Plaintiff.

75. Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. knew they were violating the provisions of the Missouri telemarketing statutes and regulations at the time that any telemarketing calls were made to Plaintiff.

76. Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. intentionally violated the provisions of the Missouri Chapter 407 consumer protection provisions and did so with the knowledge that Plaintiff would be injured and further did said acts in making the calls to Plaintiff with malicious intent to injure Plaintiff by committing the intentional torts of invading Plaintiff's rights to privacy and seclusion.

77. Defendant Resort Cancellation Services, LLC intended to place calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

78. Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. intended to place calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

79. Upon information and belief, Defendant Resort Cancellation Services, LLC has placed hundreds of calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

80.    Upon information and belief, Defendant Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr. has placed hundreds of calls for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, to residents of the State of Missouri.

## VIOLATIONS OF THE TCPA AND REGULATIONS

81.    That the telephone calls to Plaintiff made by Defendant constituted a minimum of 31 violation(s) of the Federal Telephone Consumer Protection Act §227 and following and the regulations promulgated thereunder FCC (which amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et seq.) which provide for $500 statutory damages for each violation.

82.    The TCPA and regulations also provide for tripling of the statutory damages for each violation if the Court finds that the defendant willfully or knowingly violated the statute or the regulations prescribed.

## VIOLATIONS OF MISSOURI CHAPTER 407

83.    Placing each of the 15 calls violated MO 407.1098, Telephone Solicitation of Member on Do Not Call List Prohibited, which states No person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations.  Chapter 407.1107 provides for up $5,000 in damages for each knowingly violation.

84.    Placing the minimum of 15 calls where the caller ID was spoofed violated MO Rev. 407.1104, Caller Identification Service, Telephone Solicitor and Rev. 407.1076, Unlawful Telemarketing Acts or Practices, not to be Interfered with, which provide damages in the amount of up to $5,000 per violation.

85.    The calls placed to Plaintiff's telephone number violated Missouri Revised Statue 407.1104(1) in that Defendants failed at the beginning of the solicitation to clearly state the identity of the person or entity initiating the solicitation, which provides damages pursuant to 407.1107.3(2) for violations of the Missouri Merchandising Practices Act, Chapter 407.

## COUNT TWO
### Civil Conspiracy

86.    Count one is restated as if set forth herein.

87.    The Resort Cancellation Defendants acting in concert with one or more of John Does 1-10, with the unlawful objective of violating the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407 did ratify the unlawful acts of John Does 1-10 making calls to Margulis in violation of the TCPA and Missouri Merchandising Practices Act, Chapter 407.

Electronically Filed - St Louis County - April 08, 2025 - 09:11 AM

88. There was a meeting of the minds between the Resort Cancellation Defendants and John Does 1-10 to conspire together to violate the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407.

89. The Resort Cancellation Defendants either placed the telemarketing calls directly or were affiliated with the entities making the telemarketing calls to Margulis in furtherance of the unlawful objective.

90. The Resort Cancellation Defendants conduct either directly violated the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407 or aided John Does 1-10 in violating the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407.

91. Margulis was damaged by the acts of the Resort Cancellation Defendants and the Resort Cancellation Defendants as conspirators are jointly and severally liable for the violations of the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407 committed by John Does 1-10 or the Resort Cancellation Defendants.

WHEREFORE, as a result of the civil conspiracy committed by Resort Cancellation Services, LLC, Desmond Anthony Newman a/k/a Desmond Anthony Newman, Jr., and John Does 1-10, the Resort Cancellation Defendants are liable for all violations of the TCPA as provided by 47 U.S.C. 227 and all violations of the Missouri Merchandising Practices Act, Chapter 407, committed by John Does 1-10 or the Resort Cancellation Defendants.

## COUNT THREE
### Injunctive Relief

92. Count one and Count two are is restated as if set forth herein.

93. As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from violating the provisions of the TCPA and the Missouri Merchandising Practices Act, Chapter 407.

WHEREFORE, Plaintiff, prays judgment against Defendants RESORT CANCELLATION SERVICES, LLC, DESMOND ANTHONY NEWMAN a/k/a DESMOND ANTHONY NEWMAN, JR., and JOHN DOES 1-10 in the amount of $200,000 (forty (40) violations x $5,000) for violations of MO Rev. 407 and $46,500 (thirty-one (31) violations x $1,500) for violations of the TCPA as provided by 47 U.S.C. 227 and FCC regulations promulgated thereunder for total damages of $246,500, plus statutory damages for all additional

calls violating the TCPA and MO Rev. 407 made by or on behalf of Defendants and that Defendants be enjoined from making telephone calls in violation of the Missouri statutes and TCPA, attorney fees, plus Court costs and for such other and further relief as this Court deem proper.

_/s/  Max G. Margulis_
Max G. Margulis, #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
P:  (636) 536-7022 - Residential
E-Mail:  MaxMargulis@MargulisLaw.com

The undersigned verifies that the attorney named above signed the original of this document, and the original is maintained at the office of the attorney.

_/s/  Max G. Margulis_
Max G. Margulis, #24325