UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 4:25-cv-00945 |
| RESORT CANCELLATION SERVICES, LLC, et al., | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS RESORT CANCELLATION SERVICES, LLC AND DESMOND ANTHONY NEWMAN'S JOINT MEMORANDUM IN SUPPORT OF JOINT PARTIAL MOTION TO DISMISS

COME NOW Defendants Resort Cancellation Services, LLC, ("Resort Cancellation") and Desmond Anthony Newman ("Newman") (Resort Cancellation and Newman are collectively referred to herein as "Defendants"), by and through their undersigned attorneys, and for their Joint Memorandum in Support of their Joint Partial Motion to Dismiss Plaintiff Marilyn Margulis' ("Plaintiff" or "Margulis") Complaint[1] pursuant to Fed. R. Civ. P. 12(b)(6), hereby state as follows:

## INTRODUCTION

Without question, Margulis is a serial litigator who, through information and belief, has developed a scheme for ginning up claims under the Federal Telephone Consumer Protection Act ("TCPA") and Missouri's No-Call Law and Missouri's Telemarketing Law under the Missouri Merchandising Practices Act ("MMPA") prosecuted by her husband, Max G. Margulis. But Margulis's form Complaint is subject to partial dismissal for three separate reasons. First, Plaintiff's claims under Missouri law are barred by the applicable two-year statute of limitations

---

[1] Margulis originally filed her petition in the Circuit Court of the County of St. Louis, State of Missouri on April 8, 2025. Defendants timely removed the case to this Court on June 26, 2025, filing a notice of removal in the state court on the same day.

since Margulis' own allegations claim she first received three separate telephone calls from Defendants as early as August 2022, well over two years before Plaintiff filed the instant lawsuit. Second, Margulis has not pled any facts that could support liability against Newman in his individual capacity. Third, Margulis' conspiracy claim is just a bare recitation of the elements of conspiracy, and Margulis cannot even identify the alleged parties who conspired, let alone facts that support a requisite meeting of the minds between the alleged conspirators.

## **BACKGROUND**

Through information and belief, Margulis has been a **named plaintiff in nearly 350 separate cases**, with her husband, Max G. Margulis serving as her counsel of record. In the instant action, Margulis alleges that Resort Cancellation, Newman and unknown "John Does 1-10" called Margulis' telephone number, (636) 536-6678 (the "Subject Number"), for the purpose of "encouraging the purchase or rental of, or investment in, property, goods, or services…" even though the Subject Number was allegedly on the National Do Not Call List ("NDNC List"), in violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"), Mo. Rev. Stat. § 407.1098.1 of the MMPA, the Missouri No Call List and Mo. Rev. Stat. § 407.1076 of the MMPA, Unlawful Telemarketing Acts or Practices.

Margulis is remarkably forthright in how little information she knew when she filed this lawsuit. Specifically, she does not know who made the calls, pointing only to somewhere between 1 and 10 unknown individuals she labels as "John Does". Plaintiff's Complaint, p. 3. She does not know how many phone calls were allegedly made to her phone number, describing it to be at least fifteen, but somehow claiming there were "multiple additional calls," yet only being able to actually identify five separate calls as demonstrated in Plaintiff's Exhibit A. Plaintiff's Complaint, pp. 6-8.

The only specific, unqualified allegation that is raised in Margulis' Complaint is found in the table that was attached as Exhibit A to her Complaint. That table is produced below. What that table reveals is that Margulis only knows of five telephone calls from three different telephone numbers, of which the first three telephone calls occurred nearly three years ago. Importantly, Margulis does not allege any facts as to why Margulis claims the telephone numbers on the Caller ID listed below were telephone numbers that Defendants used to call Margulis.[2]

| DEFENDANT: Resort Cancellation Services, LLC Desmond Anthony Newman, Jr., and John Does 1-10 | | | | |
|---|---|---|---|---|
| A | B | C | D | E |
| Date | Time | # called | # caller ID | Caller ID Name |
| 1  8/9/2022 | 4.28p | 636-536-6678 | 1-407-502-8159 | MEMBER SERVICES |
| 2  8/15/2022 | 2.58p | 636-536-6678 | 1-407-502-8159 | MEMBER SERVICES |
| 3  8/27/2022 | 12.16p | 636-536-6678 | 1-407-502-8159 | MEMBER SERVICES |
| 4  9/24/2024 | 4.58p | 636-536-6678 | 1-980-431-4067 | MEMBER SERVICE |
| 5  2/21/2025 | 2.50p | 636-536-6678 | 1-860-926-2017 | MEMBER SERVICE |

In addition to the thread-bare allegations that Defendants violated the various telecommunications acts, Margulis also alleges that she believes there was a conspiracy between Resort Cancellation and the unknown John Does to violate those acts. Plaintiff's Complaint, Count II, pp. 10-11. Margulis does not describe what this purported conspiracy was, instead just listing the elements of a conspiracy claim. Plaintiff's Complaint, Count II, pp. 10-11. These bare bone allegations should not survive a motion to dismiss.

---

[2] Defendants plans on proving through later discovery that the telephone numbers on the Caller ID listed in Margulis' Exhibit A from telephone calls allegedly made in 2024 and 2025 neither belong to Defendants nor were used by Defendants to make any telephone calls to Margulis on any date.

**STANDARD**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "that the pleader is entitled to relief in order to give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556).

While the pleading standard of Fed. R. Civ. P. 8 "does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 555). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Watts v. U.S Bank*, 4:16CV46 HEA, 2016 WL 6873450, at *1 (E.D. Mo. Nov. 22, 2016).

**ARGUMENT**

**I.     Plaintiff's Claims Brought Under the Missouri No-Call Law and Missouri Telemarketing Law, Mo. Rev. Stat. §§ 407.1076, 407.1098, and 407.1104 are Barred by the Applicable Two-Year Statute of Limitations**

A "motion to dismiss may be granted when a claim is barred under a statute of limitations." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 406 (8th Cir. 2013). "Where the complaint itself establishes that the claim is time-barred, dismissal pursuant to Rule 12(b)(6) is proper." *Hollingsworth v. United Airlines, Inc.*, No. 4:16 CV 2139 DDN, 2017 WL 564491, at *2 (E.D. Mo. Feb. 13, 2017) (citation omitted). Per, RSMo. § 407.1107:

> 3. Any person who has received more than one telephone solicitation within any twelve-month period by or on behalf of the same person or entity in violation of section 407.1098 or 407.1104 may either:

4

(1) Bring an action to enjoin such violation;

(2) Bring an action to recover for actual monetary loss from such knowing violation or to receive up to five thousand dollars in damages for each such knowing violation, whichever is greater; or

(3) Bring both such actions.

\*\*\*

5. No action or proceeding may be brought pursuant to this section:

**(1) More than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation; or**

**(2) More than two years after the termination of any proceeding or action arising out of the same violation or violations by the state of Missouri, whichever is later.**

(emphasis added).

Thus, as interpreted by Missouri courts, for alleged violations of Missouri's No-Call Law and Missouri's Telemarketing Law, no claim may be brought "more than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation." *Margulis v. Charter Communications, Inc.*, 4:16CV1702 RLW, 2017 WL 1449583, at *2-3 (E.D. Mo. Apr. 21, 2017) (emphasis added)[3]. The clock begins to run upon the placing of the first phone call, as that is when the plaintiff becomes aware of the alleged violation. *Id.*

Here, Margulis has only identified five actual phone calls that she claims could support her allegations. Plaintiff's Complaint, Ex. A. The first of those three calls occurred on August 9, 2022, August 15, 2022 and August 27, 2022. Therefore, to comply with the statute of limitations, Margulis would have needed to bring any of her claims for violations of the Missouri No-Call Law or the Missouri Telemarketing Law on or before August 2024. Margulis was nearly eight months

---

[3] Margulis should not be surprised about the statute of limitations for these claims given she was the plaintiff in the cited case that had her claims dismissed with prejudice for the same reasons.

off, not filing the instant lawsuit until April 8, 2025. Therefore, Margulis's claims brought under Missouri's No-Call Law and Missouri's Telemarketing Law must be dismissed with prejudice.

## II. Plaintiff's TCPA Claims Against Newman in his Individual Capacity Fail as a Matter of Law.

The TCPA makes it "unlawful for any person ... to initiate any telephone call" that violates its relevant prohibitions. § 227(b)(1)(B). Thus, to be held directly liable, the defendant must be the one who "initiates" the call. *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019). In *Golan*, the Eighth Circuit upheld a lower court's decision to refuse the plaintiff's proposed jury instruction on direct liability, because the proposed instruction "would have allowed the jury to find [the defendant] directly liable based on direct, personal participation, defined as 'active oversight of, or control over' the TCPA violation, or if he 'personally authorized' it. But to be held directly liable, a person must actually initiate the offending phone call, meaning the person 'takes the steps necessary to physically place a telephone call.'" *Golan*, 930 F.3d at 961 (internal quotations omitted). Further, the Eighth Circuit found that the evidence did not support an instruction on direct liability. *Id.*

Although the defendant "hired the direct violator, was involved in editing the call script, obtained [the individual who performed the voice-over on the call] to record the script, and approved and paid for the calls," this was insufficient for an instruction on direct liability. *Id.* "[W]hile such facts could show a significant level of control that might be sufficient to establish liability under an agency theory ... they do not show [defendant] actually initiated the calls. Only [the telemarketers], who made the calls at issue here, initiated the calls by 'taking the steps necessary to physically place the telephone calls.'" *Id.* (quoting *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6583). Similarly, the claims against the individual owner failed because the only agency

6

relationship that could be shown was between the callers and the company, not between the callers and the owner. *Id.*[4]

Here, Margulis does not allege that Newman made the alleged calls at issue himself. Instead, the Complaint highlights that Newman is the owner of Resort Cancellation, and then tries to impute the actions of the 10 John Does to Newman under principles of agency. *See* Complaint, pp. 2-3. But as was explained in *Golan*, such a claim is not possible under the TCPA. There cannot be direct liability against Newman because he is not the one who physically made the calls, that was John Does 1-10. Nor can there be vicarious liability, because those John Does were agents of Resort Cancellation, not of Newman. Without being able to establish either possible type of liability against Newman, the TCPA claims against him must be dismissed.

### III. Margulis has not Pled Sufficient Facts to Support her Conspiracy Claim

In order to state a valid cause of action for civil conspiracy, a petition must allege that defendants conspired and agreed to commit an unlawful act and in the pursuit of the conspiracy, defendants did some unlawful act which resulted in damages to plaintiff." *McMullin v. Community Sav. Service Corp.,* 762 S.W.2d 462, 465 (Mo.App.1988). Moreover, "allegations of a conspiracy must be pleaded with sufficient specificity and factual support to suggest a meeting of the minds." *Deck v. Leftridge,* 771 F.2d 1168, 1170 (8th Cir.1985). A "formulaic recitation of the elements" of civil conspiracy is not enough to satisfy the federal pleading standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 681, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009)

Yet, that is exactly what Margulis has done here. Margulis' conspiracy count merely runs through the basic elements of a conspiracy claim without alleging any factual underpinnings to

---

[4] The holding in *Golan* has subsequently been applied to not just applicable jury instruction, but to dispositive motions seeking to dismiss claims brought under improper theories of liability. *See*, *e.g.*, *Hand v. Beach Entm't KC*, LLC, 456 F. Supp. 3d 1099, 1129 (W.D. Mo. 2020).

7

those legal conclusions. *See* Complaint, pp. 10-11. Nor could Margulis fix this problem if she wanted to, because it is clear she has no evidence that there was ever a "meeting of the minds" to conspire to violate the violate the telecommunications laws. *Deck,* 771 F.2d at1170. And there is an obvious reason for that. Margulis does not allege in Count II that there was a conspiracy between Resort Cancellation and Newman. Instead, she specifically alleged that there was a conspiracy between Defendants and ten unknown and unidentified individuals. *See* Complaint, pp. 10-11. Because she does not even know who the other parties to the conspiracy are, it necessarily follows that she has no evidence that there was a meeting of the minds between these John Does and Defendants wherein the Defendants allegedly conspired with those unknown individuals to violate the telecommunications laws. Therefore, not only does Count II facially fail to comply with the relevant pleading standard, but it also fails because a plaintiff necessarily cannot allege facts sufficient to support a conspiracy if they cannot even identify the co-conspirators.

**IV.    Motion for Extension of Time to File Answer, if Necessary.**

Virtually every modern federal court to address the issue has concluded that Federal Rule of Civil Procedure 12(a)(4) suspends the time to file an Answer during the pendency of a Motion to Dismiss under Rule 12(b)(6), even if the Motion to Dismiss does not address every count in the complaint. *See* § 1346 Service of Responsive Pleadings—Time for Serving and Filing, 5B Fed. Prac. & Proc. Civ. § 1346 (3d ed.) ("the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion."); *Gamble v. Boyd Gaming Corp.*, 2014 WL 1331034, at *3 (D. Nev. Apr. 1, 2014) ("the majority of courts interpreting Rule 12(a)(4) . . . have held that 'filing a partial motion to dismiss will suspend the

time to answer those claims or counterclaims that are not subject to the motion.'") (citing numerous cases).

Given this authority, Defendants are reserving their right to file an Answer and Counterclaim until after the resolution of its Partial Motion to Dismiss. However, as Defendants are not aware of any opinion or local rule from this Court directly addressing this issue, should the Court require Defendants to provide an Answer and Counterclaim prior to the resolution of its Partial Motion to Dismiss, Defendants respectfully request that the Court provide it seven (7) days to file its Answer and Counterclaim upon the Court's order.

## V.     Non-Waiver of Potential Right to Arbitration

Because of the thread-bare allegations used throughout Plaintiff's Complaint, Defendants have little to no information currently available to them to further investigate how Plaintiff's telephone number was supplied to them. Defendants are currently investigating whether, in the process of submitting her information to Defendants, Plaintiff submitted and agreed to arbitrate the claims she raises in her Complaint. Defendants' investigation is ongoing, and it reserves the right to file a Motion to Compel Arbitration if it is subsequently discovers that one was entered between Plaintiff and Defendants. The filing of this Partial Motion to Dismiss should not be construed as a waiver of arbitration rights, as Defendants are still investigating its potential rights to submit Plaintiff's claims to arbitration.

## **CONCLUSION**

For the reasons stated above, Defendants Resort Cancellations Services, LLC, and Desmond Anthony Newman respectfully request that this Court enter an order pursuant to Fed. R. Civ. P. 12(b)(6): (1) dismissing with prejudice the portions of Count I of Plaintiff's Complaint seeking recovering under the Missouri No-Call Law and the Missouri Telemarketing Law pursuant to Mo. Rev. Stat. §§407.1076, 407.1098, and 407.1104 based on the applicable 2-year statute of

limitations; (2) dismissing with prejudice all claims against Defendant Desmond Anthony Newman; (3) dismissing Count II of Plaintiff's Complaint for Civil Conspiracy; and (4) for any further relief this Court deems just and reasonable under the circumstances.

        Respectfully submitted,

        CARMODY MacDONALD P.C.

By:   */s/ Lindsay Leible Combs*
       Lindsay Leible Combs, #63963MO
       Jackson John Gilkey, #73716MO
       120 South Central Avenue, Suite 1800
       St. Louis, Missouri 63105
       (314) 854-8600 Telephone
       (314) 854-8660 Facsimile
       ltl@carmodymacdonald.com
       jjg@carmodymacdonald.com

*Attorneys for Defendants Resort Cancellation Services, LLC and Desmond A. Newman*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

        */s/ Lindsay Leible Combs*