UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN MARGULIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 945 CDP |
| | ) | |
| RESORT CANCELLATION SERVICES, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Marilyn Margulis brings this action against Resort Cancellation

Services, LLC, its principal owner and manager Desmond Anthony Newman, and ten

unknown John Does, alleging that they violated and conspired to violate the

Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227; Missouri's "No-Call"

Law, Mo. Rev. Stat. § 407.1098; and Missouri's telemarketing laws, Mo. Rev. Stat.

§§ 407.1076, 407.1104, by placing several unsolicited calls to Margulis's residential

telephone despite that telephone number being placed on the national and state Do

Not Call Lists.[1]  For the reasons that follow, I will grant defendants Resort

Cancellation and Newman's motion to dismiss Margulis's Missouri statutory claims

to the extent the challenged calls fall outside the relevant two-year statute of

---

[1] Margulis filed this case in the Circuit Court of St. Louis County, Missouri, on April 8, 2025. Defendants Resort Cancellation and Newman removed the case to this Court on June 26, 2025, invoking this Court's federal question and diversity jurisdiction.

limitations. I will also grant their motion to dismiss Margulis's claim of civil conspiracy. I will deny the motion to the extent it seeks dismissal of the TCPA claim against Newman in his individual capacity. Finally, I will order Margulis to show cause why her claims against the John Doe defendants should not be dismissed without prejudice under Federal Rule of Civil Procedure 4(m) for her failure to timely serve them.

## Legal Standard

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. When reviewing a Rule 12(b)(6) motion, I assume the complaint's factual allegations as true and construe them in plaintiff's favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief "that is plausible on its face." *Id.* The factual allegations must be sufficient to "'raise a right to relief above the speculative level.'" *Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). A "pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

## Discussion

Statute of Limitations

Margulis brings her Missouri "No-Call" and telemarketing claims under statutory provisions contained within the Missouri Merchandising Practices Act (MMPA), Mo. Rev. Stat. §§ 407.010. *et seq.*  In those claims, Margulis alleges that defendants directed more than fifteen calls to her telephone number with such calls beginning August 1, 2022, and continuing through the present.  In an exhibit attached to her petition, Margulis identifies only five offending calls:  three made in August 2022, one in September 2024, and one in February 2025.  (ECF 5-1.)

Under the MMPA, "[n]o action or proceeding may be brought pursuant to this section:  (1) More than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation[.]"  Mo. Rev. Stat. § 407.1107.  Margulis filed the instant action on April 8, 2025.  Accordingly, any challenged calls allegedly made before April 8, 2023, are barred by the MMPA's two-year statute of limitations.  I will therefore grant defendants' motion to dismiss to the extent they argue that the MMPA's statute of limitations bars Margulis's claims directed to any calls allegedly made before April 8, 2023, including the three August 2022 calls identified in Exhibit A to her petition.  To the extent defendants' motion may be construed to seek dismissal of Margulis's MMPA claims directed to calls made on or after April 8, 2023, the motion is denied.

Civil Conspiracy

I will also grant defendants' motion to dismiss Margulis's claim of civil conspiracy. Margulis alleges that Resort Cancellation and Newman conspired with the John Doe defendants by aiding and/or ratifying the Doe defendants' conduct in making the calls that violated the TCPA and MMPA. Other than the bare recital of "[t]here was a meeting of the minds," Margulis provides no factual allegations suggesting a mutual understanding between Resort Cancellation/Newman and the Doe defendants to violate the TCPA or the MMPA. Absent such factual allegations, Margulis fails to state a claim of civil conspiracy. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678; *Mackey v. Mackey*, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996) (civil conspiracy) ("Courts disregard conclusions not supported by facts in determining whether a petition states a cause of action.").

TCPA Claim Against Newman in Individual Capacity

To be held directly liable under the TCPA, a defendant must be the one who "actually initiate[s]" the alleged offending call, *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960-61 (8th Cir. 2019), meaning that he must "take[] the steps necessary to physically place a telephone call." *Id.* at 961 (quoting *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013)). At this stage of the proceedings, I consider Margulis's factual assertions that Newman "participated in the solicitation calls" (ECF 5 at ¶ 15) and "did said acts in making the calls to Plaintiff" (*id.* at ¶ 70)

- 4 -

sufficient to allege that Newman personally initiated offending calls to Margulis.

I will therefore deny defendants' motion to dismiss Margulis's TCPA claim against

Newman in his individual capacity. *Cf. Skinner v. Switzer*, 562 U.S. 521, 529-30

(2011) (question on motion to dismiss is not whether plaintiff will ultimately prevail

but whether plaintiff is entitled to offer evidence to support the claims).

John Doe Defendants

      Margulis filed this action in the Circuit Court of St. Louis County on April 8,

2025. Defendants Resort Cancellation and Newman removed the case to this Court

on June 26, 2025. Under 28 U.S.C. § 1448 and Fed. R. Civ. P. 4(m), Margulis had

ninety (90) days from the date of removal – that is, to September 24, 2025 – to effect

service of process on any unserved defendant. *See Taylor v. Clark Equip. Co.*, No.

4:22-cv-00201-SRC, 2022 WL 1640372, at *6 (E.D. Mo. May 24, 2022) (listing

cases). The John Doe defendants remain unserved in this case, and the time to effect

service on them has passed. *See United Pentecostal Church Int'l, Inc. v. Doe*, No.

4:25-CV-00327-MTS, 2025 WL 1663983, at *1 (E.D. Mo. June 12, 2025) (Rule 4(m)

service period applies to Doe defendants) (listing cases). I will therefore order

Margulis to show cause why her claims against the unserved Doe defendants should

not be dismissed without prejudice under Rule 4(m) for her failure to timely effect

service of process on them.

      Accordingly,

**IT IS HEREBY ORDERED** that defendants Resort Cancellation Services, LLC, and Desmond Anthony Newman's Joint Partial Motion to Dismiss [8] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that plaintiff Marilyn Margulis's claims brought under the Missouri Merchandising Practices Act are **DISMISSED with prejudice** to the extent those claims challenge telephone calls made before April 8, 2023.

**IT IS FURTHER ORDERED** that plaintiff Marilyn Margulis's claim of civil conspiracy is **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that defendants Resort Cancellation Services, LLC, and Desmond Anthony Newman shall answer plaintiff's remaining claims within the time prescribed by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that plaintiff Marilyn Margulis shall show cause **within ten (10) days of the date of this Order** why her claims against John Does 1-10 should not be dismissed without prejudice for her failure to timely effect service of process under Federal Rule of Civil Procedure 4(m).

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2025.